Katie Blakey, Esq.
Nevada Bar No. 12701
kblakey@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas  75201.2931
Telephone:   214.880.8100
Facsimile:    214.880.0181

Hayley Cummings, Esq.
Nevada Bar No. 14858
hcummings@littler.com
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada  89113-4770
Telephone:   702.862.8800
Facsimile:    702.862.8811

Attorneys for Defendant
WALMART INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JASON MINKOWSKY,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware corporation; DOES 1-X; ROE BUSINESS ENTITIES I-X,<br><br>Defendants. | Case No. 2:26-cv-00932<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[DIVERSITY UNDER 28 U.S.C. §§ 1332, 1441, AND 1446]** |

TO THE ABOVE-ENTITLED COURT:

NOTICE IS HEREBY GIVEN that Defendant WALMART INC. ("Defendant") removes the above-entitled action from the District Court in and for the County of Clark to the United States District Court in and for the District of Nevada, pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a) and (b), and 1446. This removal is based upon federal question jurisdiction as well as diversity jurisdiction and is timely.

In support of this notice of removal, Defendant states to the Court as follows:

1.      On December 19, 2025, Plaintiff Jason Minkowsky ("Plaintiff") commenced an action in the District Court of Clark County, Nevada, entitled JASON MINKOWSKY v.

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

WALMART INC., a Delaware corporation; DOES 1-X; ROE BUSINESS ENTITIES I-X, designated as Case No. A-25-933150-C. A copy of the Complaint is attached hereto as **Exhibit A** ("Compl.").

2. The first date upon which Defendant was served with the Complaint was February 27, 2026, when it was served with a copy of the Complaint and a Summons from state court. A copy of the Affidavit of Service is attached hereto as **Exhibit B**. Accordingly, this Notice of Removal is timely.

3. Plaintiff's Complaint purports to state six causes of action: (1) disability discrimination in violation of NRS Chapter 613; (2) failure to accommodate in violation of NRS Chapter 613; (3) retaliatory discharge in violation of public policy under Nevada law; (4) disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"); (5) failure to accommodate in violation of ADA; and (6) harassment and hostile work environment in violation of NRS Chapter 613 and the ADA.

4. The Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (federal question). In addition, the Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citations and internal quotation marks omitted). The Ninth Circuit has explained that the exercise of supplemental jurisdiction is mandatory "unless a court properly invokes a section 1367(c) category." *Exec. Software v. Dist. Court*, 24 F.3d 1545, 1556 (9th Cir. 1994); *see* 28 U.S.C. § 1367(c) (providing that district court may decline supplemental jurisdiction only if (1) "the claim raises a novel or complex issue of State law;" (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;" (3) "the district court has dismissed all claims over which

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

2

it has original jurisdiction;" or (4) "in exceptional circumstances," where "there are other compelling reasons for declining jurisdiction").

a)    As his First Cause of Action, Plaintiff alleges disability discrimination in violation of NRS Chapter 613. (Compl. ¶¶ 47-56.) In support, Plaintiff alleges that Defendant discriminated against him with respect to his compensation, terms, conditions or privileges of his employment because of his disability. (*Id*. ¶ 47.) This Court has supplemental jurisdiction over the First Cause of Action because the claim shares a "common nucleus of operative fact" with Plaintiff's federal claim for disability discrimination, set forth in his Fourth Cause of Action as discussed below (*see infra*, ¶ 4(d)), and there are no facts alleged in the Complaint that would permit discretion to decline supplemental jurisdiction. *See Exec. Software*, 24 F.3d at 1556 (explaining that exercise of supplemental jurisdiction under section 1367(a) is mandatory unless there are facts presented supporting grounds for discretionary decline of jurisdiction under section 1367(c)). Moreover, given that Plaintiff asserts his First Cause of Action based on the same alleged facts and circumstances as his federal claim in his Fourth Cause of Action, litigating the claims in the same action would advance the goals of efficiency and judicial economy by ensuring that those facts and circumstances are not litigated twice in separate actions. *See Ga.-Pac. v. OfficeMax Inc.*, Case No. 12-cv-02797-WHO, 2014 WL 2860267, at *6 (N.D. Cal. June 23, 2014) (observing that purpose of supplemental jurisdiction is to "promote judicial economy" by avoiding "duplicative and fragmented litigation").

b)    As his Second Cause of Action, Plaintiff alleges failure to accommodate in violation of NRS Chapter 613. (Compl. ¶¶ 57-60.) In support, Plaintiff alleges that Defendant failed to provide a reasonable accommodation for his disability. (*Id*. ¶ 57.) This Court has supplemental jurisdiction over the Fourth Cause of Action because the claim shares a "common nucleus of operative fact" with Plaintiff's federal claim for failure to accommodate, set forth in his Fifth Cause of Action as discussed below (*see infra*, ¶ 14(e)), and there are no facts alleged in the Complaint that would permit discretion to decline supplemental jurisdiction. *See Exec. Software*, 24 F.3d at 1556. Moreover, given that Plaintiff asserts his Second Cause of Action based on the same alleged facts and circumstances as his federal claim in his Fifth Cause of

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

3

Action, litigating the claims in the same action would advance the goals of efficiency and judicial economy by ensuring that those facts and circumstances are not litigated twice in separate actions. *See Ga.-Pac. v. OfficeMax Inc.*, 2014 WL 2860267 at *6.

c) As his Third Cause of Action, Plaintiff alleges retaliatory discharge in violation of public policy under Nevada law. (Compl. ¶¶ 61-68.) In support, Plaintiff alleges that his "employment was terminated by Defendant[] in retaliation for his being injured on the job and his filing of a Workers Compensation claim and, thus, exercising his legal rights under the Nevada Industrial Insurance Act." (*Id.* ¶ 61.) This Court has supplemental jurisdiction over the Third Cause of Action because the claim shares a "common nucleus of operative fact" with Plaintiff's federal claims for disability discrimination, failure to accommodate, and hostile work environment/harassment set forth in his Fourth, Fifth and Sixth Causes of Action as discussed below (*see infra*, ¶¶ 4(d), 4(e), 4(f)), and there are no facts alleged in the Complaint that would permit discretion to decline supplemental jurisdiction. *See Exec. Software*, 24 F.3d at 1556. Moreover, given that Plaintiff asserts his Third Cause of Action based on the same alleged facts and circumstances as his federal claims in his Fourth, Fifth and Sixth Causes of Action, litigating the claims in the same action would advance the goals of efficiency and judicial economy by ensuring that those facts and circumstances are not litigated twice in separate actions. *See Ga.-Pac. v. OfficeMax Inc.*, 2014 WL 2860267 at *6.

d) As his Fourth Cause of Action, Plaintiff alleges disability discrimination under the ADA. (Compl. ¶¶ 70-81.) As such a claim arises under 42 U.S.C. § 12101 *et seq.*, this Court has federal question jurisdiction over the Fourth Cause of Action because it arises "under the . . . laws . . . of the United States." *See* 28 U.S.C. § 1331.

e) As his Fifth Cause of Action, Plaintiff alleges failure to accommodate under the ADA. (Compl. ¶¶ 81-83.) As such a claim arises under 42 U.S.C. § 12101 *et seq.*, this Court has federal question jurisdiction over the Fourth Cause of Action because it arises "under the . . . laws . . . of the United States." *See* 28 U.S.C. § 1331.

E. As his Sixth Cause of Action, Plaintiff alleges harassment and hostile work environment under both NRS Chapter 613 and the ADA. (Compl. ¶¶ 86-97.) In support, Plaintiff

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

4

alleges that (1) Plaintiff "was harassed and discriminated against by Defendant in the terms, conditions, privileges, and benefits of his employment based in whole or in part on his disability, a protected class under NRS 613.330 and under the ADA;" (2) "Plaintiff suffered one or more adverse job consequences, including but not limited to discharge, intentionally imposed by Defendant which were a violation of the law;" and (3) "[t]his also included harassment that was severe or pervasive and was objectively and subjectively offensive conduct." (*Id.* ¶¶ 86, 89.) As an initial matter, as such a claim arises under 42 U.S.C. § 12101 *et seq.*, this Court has federal question jurisdiction over the Sixth Cause of Action because it arises "under the . . . laws . . . of the United States."  *See* 28 U.S.C. § 1331. In addition, this Court has supplemental jurisdiction over the Sixth Cause of Action because the state law claim under NRS Chapter 613 shares a "common nucleus of operative fact" with Plaintiff's federal claim for harassment and hostile work environment under the ADA in this cause of action, and there are no facts alleged in the Complaint that would permit discretion to decline supplemental jurisdiction. *See Exec. Software*, 24 F.3d at 1556.  Moreover, given that Plaintiff asserts his state law claim in the Sixth Cause of Action based on the same alleged facts and circumstances as his federal claim in this same cause of action, litigating the claims in the same action would advance the goals of efficiency and judicial economy by ensuring that those facts and circumstances are not litigated twice in separate actions.  *See Ga.-Pac.*, 2014 WL 2860267 at *6.

5. This Court also has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 (diversity) because the action is between citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

a) Plaintiff alleges in his Complaint that he is "a resident of Clark County[,] Nevada." (Compl. ¶ 1). He is therefore a citizen of Nevada. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013) ("[N]umerous courts treat a person's residence as prima facie evidence of the person's domicile [for purposes of determining an individual's citizenship under 28 U.S.C. § 1332].") (citing *Anderson v. Wyatt*, 138 U.S. 694, 706 (1891)).

b) Plaintiff correctly alleges in his Complaint that Defendant is a citizen of a state other than Nevada. (Compl. ¶ 2 (alleging that Defendant "is a Delaware corporation").)

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

5

c)      Plaintiff's claims satisfy the amount in controversy required for removal based on diversity of citizenship. If the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Here, the amount in controversy exceeds $75,000 for the reasons stated in subparagraphs (d) through (f):

d)      Plaintiff seeks monetary relief by virtue of his Complaint in the form of general damages and special damages. (Compl., DEMAND FOR JUDGMENT FOR RELIEF clause).

e)      It is eminently reasonable to expect that the sum at stake in this litigation is in excess of $75,000.00 based solely on this demand for general and special damages. A review of jury verdicts on disability discrimination claims in Nevada federal and state courts from the last 15 years reveals that juries have rendered compensatory damages awards as high as $627,916. *See Beckwith v. Dillards Dep't Stores*, Case No. A-364-772, 1997 WL 1716547 (Nev. Dist. Ct. Nov. 1, 1997). The *lowest* compensatory damages award that a Nevada jury has been willing to render still fell within striking distance of the jurisdictional threshold at $64,217. *See Reaser v. Potlatch Corp.*, Case No. A565184, 2010 WL 7058511 (Nev. Dist. Ct. Mar. 23, 2010). Notably, the plaintiff in *Reaser* also obtained a punitive damages award of $35,000, bringing her total award to $99,217. *See id.* Finally, the median compensatory damages award in a disability discrimination case easily surpassed the jurisdictional threshold at $92,786. *See Brinson v. Rancho Haven Prop. Owners Asso'n*, CV07-01636, 2009 WL 8378721 (Nev. Dist. Ct. Jan. 15, 2009).

f)      Under the ADA, punitive damages are limited by statute to $50,000 for employers with between 15 and 100 employees, and caps increase for employers with 101 employees or more. 42 U.S.C. § 1981a(b)(3). Under NRS 42.005, punitive damages for violations of NRS Chapter 613 are limited to three times the amount of compensatory damages (if over $100,000) or $300,000 (if under $100,000). Accordingly, even assuming the lowest cap applies, Plaintiff's request for punitive damages puts an additional $50,000 at stake in this litigation.

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

6.      Venue is proper in this Court as this is the court for the district and division embracing the place where the action is pending in state court. *See* 28 U.S.C. §§ 108, 1441(a).

7.      No other defendants are required to join this Notice of Removal.

8.      Defendant will contemporaneously provide written notice of this removal to all adverse parties in accordance with 28 U.S.C. § 1446(d).  A copy of that notice is attached here as **Exhibit C**.

9.      Defendant will also contemporaneously provide notice of removal of the action with the District Court in and for Clark County, Nevada, in accordance with 28 U.S.C. § 1446(d). A copy of that notice is attached as **Exhibit D**.

10.     Defendant has attached all pleadings, process, and orders that it has received in this action. Defendant has received no other process, pleadings, or orders other than those attached to this Notice of Removal.

WHEREFORE, Defendant prays that the above-referenced action now pending against it in the District Court of the State of Nevada in and for the County of Clark be removed therefrom to this Court.

Dated:  March 27, 2026

LITTLER MENDELSON, P.C.

/s/ *Katie Blakey*
Katie Blakey, Esq.
Hayley Cummings, Esq.

Attorneys for Defendant
WALMART INC.

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

7

**PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 8474 Rozita Lee Avenue, Suite 200, Las Vegas, Nevada 89113.4770. On March 26, 2026, I served the within document(s):

**NOTICE TO FEDERAL COURT OF REMOVAL OF
CIVIL ACTION FROM STATE COURT**

☒ By **CM/ECF Filing** – Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

☐ By **Email** – by e-mailing a copy of the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☐ By **United States Mail** – a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Las Vegas, Nevada addressed as set forth below.

James P. Kemp, Esquire
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV 89130
(702) 258-1183
(702) 258-6983 (Facsimile)
jp@kemp-attorneys.com

Attorney for Plaintiff

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 27, 2026, at Las Vegas, Nevada.

/s/ Maribel Rodriguez
Maribel Rodriguez

4932-1435-3044.1 / 080000.4467

LITTLER
MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
702.862.8800

8